IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Crim. No.: 1:07CR377 |
| ) | |
| YASER KHAREDDIN BUSHNAQ ) | 18 U.S.C. § 1425(a) |
| ) | |

## SEPTEMBER 2007 TERM – AT ALEXANDRIA

### Unlawful Procurement of Citizenship

THE GRAND JURY CHARGES THAT:

Between on or about November 20, 1999, and on or about August 17, 2000, in Arlington County, in the Eastern District of Virginia, defendant YASER KHAREDDIN BUSHNAQ did knowingly procure his own naturalization contrary to law, in that (A) on or about November 20, 1999, he caused to be submitted to the Immigration and Naturalization Service ("INS") an INS Form N-400, an Application for Naturalization, the contents of which he certified under penalty of perjury to be true and correct even though, as he well knew, they falsified and concealed material facts and contained materially false, fictitious and fraudulent statements and representations, and (B) on or about May 1, 2000, he appeared before an officer of the INS in connection with his application for naturalization, and under oath swore that the contents of the application were true even though, as he well knew, they contained false statements.

As YASER KHAREDDIN BUSHNAQ knew, his application for naturalization contained false representations and false statements and concealed material facts, including the following:

1. At Part 3 (Additional Information about You) of the Application for Naturalization, in response to the direction to list the destinations of his trips outside the United States since becoming a permanent resident of the United States in 1994, the defendant listed twelve trips to Saudi Arabia, Jordan, Bosnia, Yemen, Lebanon, and the United Kingdom, but failed to disclose that, as he then well knew, he had also traveled in or about 1996 to Iran, a state sponsor of terrorism and the subject of economic sanctions imposed by the United States in 1995.

2. At Part 4 (Residences and Employment) of the Application for Naturalization, the defendant failed to disclose any employment in Saudi Arabia and any foreign address in 1998. Yet, he was out of the United States for all of 1998 while employed in Saudi Arabia by Business Education Consulting Center and Yakhdour Establishment. Disclosure of an absence from the United States for substantially all of 1998 would have disqualified the defendant from obtaining naturalization because he no longer would have been a valid legal permanent resident.

3. At Part 7 (Additional Eligibility Factors) of the Application for Naturalization, in response to question 15(a), the defendant asserted that he had never knowingly committed any crime for which he had not been arrested, when in fact, as he then well knew that, or about March 1, 1994, he caused to be submitted to the INS an Application for Immigrant Visa and Alien Registration that contained the false statement that there was no other name which he used or by which he was known, when as he well knew, in or about 1989 and 1990, he used and was known by the name Yaser Saleh in his capacity as the president of the Islamic Association of

Palestine, in violation of 18 U.S.C. § 1001 and § 1546, but he had not been arrested for that offense.

4. At Part 9 (Memberships and Organizations) of the Application for Naturalization, in response to the direction to list his present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group in the United States or any other place, the defendant failed to disclose that, as he then well knew, he had been:

    a. Between 1989 and 1991, while using the name "Yaser Saleh," the president of the Islamic Association of Palestine, an overt arm of the covert organization known as the Muslim Brotherhood;

    b. Between 1993 and 1995, a member of the Board of Trustees for Al-Aqsa Education Fund, an organization that sought to raise funds for Hamas;

    c. In 1990, the incorporator and a member of the initial Board of Directors of the American Middle Eastern League for Palestine, an affiliate of the Islamic Association of Palestine;

    d. In approximately 1996, an authorized signatory for the financial accounts of the Marzook Legal Fund, aka the Marzook Family Fund, an organization created to obtain and use a license from the United States Department of the Treasury in order to provide financial support to a leader of Hamas imprisoned in the United States; and

    e. Between 1992 and 2000, the President of Solidarity International for Human Rights.

These false statements and omissions were material to the efforts of law enforcement and immigration authorities to identify individuals affiliated with or providing material support to

terrorists, and to ascertain whether the defendant was eligible for citizenship, and were made in violation of Title 18, United States Code, Sections 1001(a) and 1015(a).

(In violation of Title 18, United States Code, Section 1425(a).)

A TRUE BILL:

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

FOREMAN OF THE GRAND JURY

Chuck Rosenberg
United States Attorney

By: _____
Steven P. Ward
Special Assistant United States Attorney

_____
Gordon D. Kromberg
Assistant United States Attorney